3:23 cv 296

# EXHIBIT D

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY |
| v. | |
| VSEVOLOD SERGEE GARANIN | 17 CR 2642 |

**OPINION**

**BARRASSE, P.J.**

This opinion is filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure and pursuant to the request of the Superior Court. Appellant, Vsevolod Sergee Garanin (herein after "Appellant") appeals this Court's January 16, 2020 denial of expungement. The Appellant's Concise Statement of Errors Complained on Appeal is generalized and did not concisely identify each error that the Appellant intends to assert. Instead, the Appellant provides lengthy redundant explanations as to error. Therefore, due to the generality of the Appellant's Statement, this Court requests that the Appellant's issues be deemed waived in accordance with **Pa. R. A. P. 1925(b)(4)(vii)**. Notwithstanding, based upon a review of the record, and this Court's reasons for the January 16, 2020 order, denial of expungement should be affirmed.

**FACTUAL AND PROCEDURAL HISTORY**

Under docket number 17 CR 2642, the Appellant incurred the following offenses: one (1) count of Theft By Deception - False Impression **18 Pa C.S. § 3922(a)(1)**, one (1) count of Theft By Deception - Failure to Correct **18 Pa C.S.§ 3922(a)(3)**, and one (1) count of Insurance Fraud **18 Pa C.S. § 4117(a)(2)**. These charges stemmed from an October 14, 2016 incident wherein the Appellant fraudulently made an insurance claim using false and misleading information, in order to obtain a $35,800.00 payment. **Colan, Affidavit of Probable Cause, June 7, 2017 at p. 4-9.**

1

On April 4, 2016 the Appellant purchased an "Ultrapack Insurance Policy" from Erie Insurance Group for a four (4) unit rental property on 436-438 Ripple Street, Scranton, PA. **Id. at 4.** This policy became effective beginning April 4, 2016. **Id. at 5.** Subsequently, on October 14, 2016, the Appellant submitted an insurance claim for four (4) freeze damaged boilers at the insured property, and Erie Insurance Group generated Claim #010930293601. **Id at 5.** The Appellant claimed that the boilers were damaged by sub-freezing temperatures that occurred in April of 2016. **Id.** On November 1, 2016, inspection revealed that the freezing damage to the boilers occurred prior to or during March 2016, prior to the issuance of the policy. **Id at 6.** Moreover, the Appellant's "handyman" and plumber confirmed that they were in the building in March 2016 and that when they tried to fire the boilers they were cracked and damaged. **Id.** The Appellant willingly made this fraudulent claim, with misleading support, to obtain a loss payment of $35,800.00 for damages that occurred before his insurance policy was in effect. **Id at 9.** The Appellant had numerous opportunities to correct the deception but chose to not do so. **Id at 9.**

On June 6, 2018, pursuant to a plea agreement, the Commonwealth dismissed two of the three charges: Theft By Deception - False Impression 18 Pa C.S. § 3922(a)(1) and Insurance Fraud 18 Pa C.S. § 4117(a)(2). Furthermore, the Commonwealth amended the remaining charge to a misdemeanor grading, wherein the Appellant entered a guilty plea to **Criminal Attempt - Theft By Deception - Failure to Correct 18 Pa C.S.A. § 901(a)**. On January 8, 2019, after a thorough review of the pre- sentence investigation report, Sentencing Guidelines, as well as the history and characteristics of the Appellant and the underlying nature of the Appellant's offense, this Court sentenced to the Restrictive Intermediate Punishment Program for a four (4) year probationary period with the following restrictive conditions: three (3) months incarceration, three (3) months Lackawanna County House Arrest Program, pay restitution to Erie Insurance Group for the amount of $5,413.00, and refrain from the use of drugs and alcohol.

2

Thereafter, on June 25, 2019 the Appellant filed a Petition to Expunge Record requesting to fully expunge arrests and other court records pertaining to the two (2) *nolle prossed* charges of **Theft By Deception - False Impression 18 Pa C.S.A. § 3922(a)(1) and Insurance Fraud 18 Pa C.S.A. § 4117(a)(2).** Upon receipt of the Commonwealth's response, this Court scheduled a hearing on the Appellant's petition on July 30, 2019. Thereafter, this Court issued a denial of the Appellant's expungement petition on January 16, 2020 thoroughly outlining reasons on the record for denial. On February 18, 2020 the Appellant filed a timely Notice of Appeal. This Court submits its January 16, 2020 denial order in support for its reasons explaining denial[1] in accordance with Pa. R. A. P. 1925(a)(1): "shall specify in writing the place in the record where such reasons may be found." (See Attached Court Order dated January 16, 2020). As such, this Court did not abuse its discretion in determining that the Appellant's petition for expungement should be denied.

BY THE COURT:

_____, P.J.
Michael J. Barrasse

---

[1] As a supplemental to this Court's January 16, 2020 denial order, this Court notes that pursuant to Lackawanna County practice the notation on the guilty plea colloquy "all other charges N.P.," on the docket, and in this Court's January 16, 2020 order is nomenclature for the Commonwealth's decision to drop/dismiss charges pursuant to a plea agreement, and as the record indicates carries no such implicit admission that proof is lacking. The record reveals this notation is simply part of a bargain with the Appellant to avoid a trial in exchange for a plea to lesser charges. See **Commonwealth v. Waughtel, 999 A.2d 623, 626-627 (Pa. Super. 2010).** This Court further acknowledges that while this nomenclature is confusing, it is this Court's experience in Lackawanna County that a nolle prosse occurs via separate court Order signed by the Commonwealth and this Court, and does not have the same implications as dismissal of charges due to a plea agreement. (See attached example). A separate nolle prosse order does not exist in this case nor is a part of the record. This Court clarifies, and the record reveals that dismissal of charges pursuant to a plea agreement occurred with no agreement as to expungement in the present matter. In recognition of the distinction between plea agreements and nolle prosse situations, this Court will direct Lackawanna County to cease nomenclature practice of the term nolle prosse in future criminal matters and utilize the word "dismissed" when applicable.

3

CC: Notice of the entry of the foregoing Opinion has been provided to each party pursuant to Pennsylvania Rule of Criminal Procedure 114 by mailing time-stamped copies to the following individuals:

Lisa A. Swift, Esq.
Lackawanna County District Attorney's Office
200 N. Washington Avenue
Scranton, PA 18503

Paul Batyko, Esq.
Batyko Law LLC
4113 Birney Avenue
Moosic, PA 18507

|  |  |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE COURT OF COMMON |
|  | : PLEAS OF LACKAWANNA COUNTY |
| v. | : |
| VSEVOLOD SERGE GARANIN | : 17 CR 2642 |

## ORDER

AND NOW, this 16TH day of January 2020, it is hereby ORDERED and DECREED that based upon consideration of the Defendant's Petition to Expunge Record, the Commonwealth's Response, and a hearing held on the matter, the Defendant's Petition is DENIED.[1]

BY THE COURT:

_____ J.
Michael J. Barrasse

CC: Paul Batyko, Esq.; Lackawanna County District Attorney's Office

---

[1] On June 6, 2018, the Defendant pled guilty to one (1) count of Criminal Attempt-Theft By Deception- Failure to Correct, 18 Pa. C.S. § 901(a). As part of the plea agreement, and specifically written in paragraph 13 of the written plea colloquy, the Commonwealth agreed to *nolle prosse* the remaining offenses. See Guilty Plea Colloquy paragraph 13 subsection 5. Accordingly, this Court finds that the Commonwealth *nolle prossed* the remaining offenses in connection with a plea arrangement. This Court finds that there is no implicit or express admission that the Commonwealth lacks evidentiary support to convict the Defendant of the remaining offenses. The action of the *nolle prosse* is viewed as a contractual arrangement negotiated as part of the plea bargain. Furthermore, in the absence of an express agreement as to expungement, the Defendant stands to receive more than he bargained for in the plea agreement if the *nolle prossed* offenses are later expunged. This situation is contrasted where the *nolle prosse* is entered prior to the entry of the guilty plea, which triggers a Wexler hearing. See Commonwealth v. Joiner, 68 A.3d 341 (Pa. Super. 2013)(upholding expungement on 70 charges *nolle prossed* in January 1998, prior to the plea agreement entered on April 23, 1998). The Defendant incorrectly cites Commonwealth v. Maxwell, 737 A.2d 1243 (Pa. Super. 1999) to support the proposition that he is entitled to a Wexler hearing and potential expungement. However, the Commonwealth established "it's not that we couldn't pursue the charges. We had the evidence to pursue the charges. We could prosecute." (Notes to Testimony July 30, 2019 p. 7). The Commonwealth also established "no agreement to expunge the [*nolle prossed*] charges." Id. at 6, 12. Thus, this Court holds that the Defendant did enter into a negotiated plea agreement whereby the Commonwealth *nolle prossed* the remaining offenses in consideration for the plea. It is not possible that the Commonwealth lack sufficient evidence to prosecute the remaining offenses. The particulars of the agreement between the Defendant and the Commonwealth are clear from the record. Therefore, this Court is instructed by the controlling precedent outlined in Commonwealth v. Lutz, 788 A.2d 993 (Pa. Super. 2001)(holding that a defendant is not entitled to expungement of the *nolle prossed* offenses under the Wexler factors where the Commonwealth agrees to *nolle prosse* as part of the plea agreement. The Lutz Court reasoned that expungement of the *nolle prossed* offenses would obliterate or seal any record of the withdrawn charges and thus leave no accurate record of the contractual relationship entered into by the Defendant and the Commonwealth as part of the negotiated guilty plea. There is no controlling precedent that overrules Lutz; Commonwealth v. Hanna, 964 A.2d 923, 929 (Pa. Super. 2009)(acknowledging that Lutz is "still controlling law until it is overruled by this Court *en banc* or by the Supreme Court of Pennsylvania). Therefore this Court is still bound by Lutz.

# EXAMPLE

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY |
| v. | CRIMINAL DIVISON |
| STEVEN BERGSMA | 13 CR 2342 |

## ORDER

AND NOW, this 17th day of June, 2020 it is hereby ORDERED and DECREED that all charges in the above-captioned matter are nolle prossed without prejudice.

BY THE COURT,

_____ P. J.
BARRASSE

_____
Deputy District Attorney

MAURI B. KELLY
LACKAWANNA COUNTY
2020 JUN 17 P 4: 23
CLERKS OF JUDICIAL
RECORDS CRIMINAL
DIVISION

1